[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Andrew Halpern, Esq., Defense Counsel for Petitioner
Mary Reidy, Esq., Assistant State's Attorney for the State
BY THE DIVISION:
After trial by jury, defendant was convicted of two counts of risk of injury to a minor in violation of General Statutes Section 53-21 and two counts of sexual assault in the fourth degree in violation of General Statutes Section 53a-73a.
On the risk of injury charges, concurrent sentences of ten years with execution suspended after seven years and three years probation were imposed. On the sexual assault charge sentences of one year were imposed. These sentences were to run consecutive to each other but concurrent to the previous sentences.
The total net effective sentence imposed was ten years, execution suspended after seven years with three years probation.
The evidence at trial indicates that petitioner had been sexually abusing the victim, a daughter of petitioner's girlfriend, for a number of years. The convictions were based upon two separate events involving such abuse.
The attorney for the petitioner argued that the judge improperly sentenced petitioner for crimes for which he was never charged or convicted. The argument was based upon the fact that the ongoing sexual abuse of the child was a CT Page 2306 factor considered by the judge in imposing sentence. The claim advanced was that by considering these uncharged crimes, the judge imposed an unfair sentence which should be reduced.
The state's attorney argued against modification. She stressed the ongoing nature of petitioner's conduct and the effect which it has on the victim. The attorney also mentioned that petitioner threatened the child to prevent her from revealing the situation.
Speaking on his own behalf, petitioner denied the charges and protested that he did not threaten the child.
It is not the function of this division to retry the case. Guilt has been established by the jury verdict, it is our task to review the sentence in accordance with the statutes and the rules of practice.
At the time of sentencing, the court had before it a young man with a criminal record which included a conviction for assault in the first degree. The charges for which petitioner had been convicted were serious and the crimes caused emotional and psychological damage to the victim. This damage could be long term and necessitated outpatient hospital treatment. In light of these factors, it cannot be found that it was improper for the judge to consider the conduct of petitioner with respect to the victim on other occasions.
The sentence here is not inappropriate or disproportionate in light of the nature of the offenses, the character of the petitioner and the protection of the public interest. It should not be modified.
Accordingly, the sentence is affirmed.
JOSEPH J. PURTILL, JUDGE
LAWRENCE C. KLACZAK, JUDGE
RAYMOND R. NORKO, JUDGE
Purtill, J., Klaczak, J., and Norko, J. participated in the decision.